UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11025-RWZ

BRADFORD & BIGELOW, INC.

v.

HEATHER T. RICHARDSON

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

HEATHER T. RICHARDSON

v.

BRADFORD & BIGELOW, INC.,
and JOHN GALLIGAN

ORDER

March 11, 2014

ZOBEL, D.J.

Bradford & Bigelow, Inc. ("B&B"), filed this suit against its former employee, Heather T. Richardson, asserting numerous claims including breach of contract, conversion and misappropriation of trade secrets and confidential information, and unjust enrichment. Richardson brought counterclaims against B&B and its president, John Galligan.[1]  B&B and Galligan now move to dismiss Richardson's amended counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon

---

[1] Richardson initially brought a third-party complaint against Galligan and counterclaim against B&B (Docket # 6), but later filed an amended counterclaim (Docket # 9) naming both B&B and Galligan as "Counter-claim Defendants." See Fed. R. Civ. P. 13(h).

which relief may be granted.

The motion is denied as to Count I, which alleges abuse of process. Richardson claims that B&B and Galligan initiated a meritless lawsuit against her in order to interfere with her current employment and improperly distract both Richardson and her employer (a competitor of B&B) from their business. Though thin, these allegations sufficiently set forth a claim that B&B and Galligan have used process "to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." Psy-Ed Corp. v. Klein, 947 N.E.2d 520, 533 (Mass. 2011) (quotation omitted). Similarly, Count III sufficiently states a claim for unfair and deceptive trade practices on the basis of abuse of process.[2] Fafard Real Estate & Dev. Corp. v. Metro-Boston Broad., Inc., 345 F. Supp. 2d 147, 154 (D. Mass. 2004) ("The misuse of legal process to obtain a commercial advantage has long been recognized as a violation of Chapter 93A.").

Count II, in contrast, is dismissed. That count charges tortious interference with advantageous relations – namely, that B&B and Galligan are levying false accusations against Richardson in order to damage her reputation and her relationship with her current employer. The claim fails, however, because there is no allegation of any actual business harm that has resulted from the purported misconduct. Tech Plus, Inc. v. Ansel, 793 N.E.2d 1256, 1262-63 (Mass. 2003) (plaintiff must show actual pecuniary loss); Ratner v. Noble, 617 N.E. 2d 649, 650 (Mass. 1993) ("[T]he essence of the tort is damage to a business relationship or contemplated contract of economic benefit.").

---

[2]Based upon the parties' briefs, the court assumes this claim is brought under M.G.L. c. 93A.

Count IV appears to allege sex discrimination. Because Richardson has failed to first file a complaint with the Massachusetts Commission Against Discrimination within 300 days of the alleged discriminatory act as required by M.G.L. c. 151B, the claim must be dismissed for failure to exhaust administrative remedies and the expiration of the statute of limitations. <u>Alston v. Massachusetts</u>, 661 F. Supp. 2d 117, 122-23 (D. Mass. 2009).

Accordingly, the motion to dismiss Richardson's amended counterclaims (Docket # 16) is ALLOWED as to Counts II and IV and DENIED as to Counts I and III.

|  |  |
|---|---|
| <u>  March 11, 2014  </u><br>DATE | <u>     /s/Rya W. Zobel     </u><br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |